FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WILLIAM FIGUEROA,

        Petitioner,

-against-

JOHN B. LEMKE,

        Respondent.

------------------------------------------------------------X

**ORDER**
**11-CV-4277 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner William Figueroa, currently incarcerated at Five Points Correctional Facility, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 13, 1991, conviction in Kings County New York State Supreme Court. For the reasons stated below, the court transfers this petition to the United States Court of Appeals for the Second Circuit.

## I. BACKGROUND

Petitioner has previously challenged this conviction by filing three prior habeas corpus petitions. See Figueroa v. Kelly, 97-CV-3394 (RR) (Figueroa I); Figueroa v. Walsh, 00-CV-1160 (NGG) (Figueroa II); Figueroa v. Walsh, 06-CV-4179 (NGG) (Figueroa III).

In Figueroa v. Kelly, 97-CV-3394 (RR), then-United States District Court for the Eastern District of New York Judge Reena Raggi, by order dated July 15, 1999, granted Petitioner permission to withdraw his petition without prejudice in order to exhaust claims in state court. (Docket Entry # 33 of Figueroa I.)

In Figueroa v. Walsh, 00-CV-1160 (NGG), by order dated February 1, 2001, this court denied the Petitioner's petition on the merits. (Docket Entry # 18 of Figueroa II). Petitioner

challenged that denial by filing multiple appeals, motions for reconsideration, and petitions for permission to file successive petitions. (See, e.g., Mandate of United States Court of Appeals Dismissing First Appeal (Docket Entry # 22 of Figueroa II); Mandate of United States Court of Appeals Denying of Request for Leave to File Second 28 U.S.C. § 2254 Petition (Docket Entry # 26 Figueroa II); Denial of Petitioner's Petition for Supplemental Argument (Docket Entry # 29 Figueroa II); Transfer of Successive Petition (Docket Entry # 42 of Figueroa II); Denial of Mot. for Relief from Judgment (Docket Entry # 52 Figueroa II).)

In Figueroa v. Walsh, 06-CV-4179 (NGG), Petitioner filed a petition for a writ of habeas corpus, nominally pursuant to 28 U.S.C. § 2241 (c)(3). (Docket Entry # 1 of Figueroa III.) By order dated August 8, 2007, the court deemed that petition to be a successive 2254 petition and transferred the action to the Court of Appeals for the Second Circuit as a second or successive petition. (Docket Entry # 11 of Figueroa III.) By mandate dated October 11, 2007, the Second Circuit denied Petitioner permission to file a second or successive petition. (See Mandate of United States Court of Appeal Denying Request for Leave to File Second 28 U.S.C. § 2254 Petition (Docket Entry # 12 Figueroa III).)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); see 28 U.S.C. § 2244 (b)(3)(A). Because this is Petitioner's fourth petition for a writ of habeas corpus challenging the same conviction, this court lacks jurisdiction to address it on the merits. Regardless of whether Petitioner is raising new claims for relief or not, this court is required to

transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151 (when a second or successive petition or motion is filed in the district court, the district court must transfer the new petition or motion to the United States Court of Appeals for a determination of whether the petition may be filed); see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).

## III. CONCLUSION

For the foregoing reasons, the court TRANSFERS the instant application to the United States Court of Appeals for the Second Circuit. If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen this proceeding under this docket number. Petitioner's motion to proceed in forma pauperis is DENIED as moot. This order closes this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  NICHOLAS G. GARAUFIS
October 26, 2011  United States District Judge